CV 15          7127

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

CHEN, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANGELICA GUAMAN YUPANGUI
and ERICA USHER-SAVAGE,
*on behalf of themselves, FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiffs,

        v.

CUSTOM COOKIES, INC. d/b/a CUSTOM COOKIES
and TOVI GREENFELD,

        Defendants.

Case No:

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

---

    Plaintiffs, ANGELICA GUAMAN YUPANGUI and ERICA USHER-SAVAGE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, CUSTOM COOKIES, INC. d/b/a CUSTOM COOKIES and TOVI GREENFELD (each individually "Defendant" or together the "Defendants") and state as follows:

## INTRODUCTION

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they, and others similarly situated, are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they, and others similarly situated, are entitled to recover from Defendants: (1) unpaid overtime, (2) compensation for unpaid spread-of-hours premiums, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     (a) Plaintiff, ANGELICA GUAMAN YUPANGUI, for all relevant time periods, was a resident of Queens County, New York.

(b) Plaintiff, ERICA USHER-SAVAGE, for all relevant time periods, was a resident of Bronx County, New York.

6.     Defendant, CUSTOM COOKIES, INC. d/b/a CUSTOM COOKIES is a domestic business corporation organized under the laws of New York with a principal executive office and an address for service of process located at 55 S 11th Street, Brooklyn, New York 11211.

7.     Upon information and belief, Defendant, TOVI GREENFELD, is the Owner, Chairman or Chief Executive Officer of Defendant, CUSTOM COOKIES, INC. d/b/a CUSTOM

COOKIES. TOVI GREENFELD exercised control over the terms and conditions of employment as it relates to Plaintiffs, FLSA Collective Plaintiffs and the Class. TOVI GREENFELD exercised the power to (and also delegated to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at Defendant's "Custom Cookies" bakery business. At all times, employees could complain to TOVI GREENFELD directly regarding any of the terms of their employment, and TOVI GREENFELD would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

8.     TOVI GREENFELD additionally had the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. TOVI GREENFELD exercised functional control over the business and financial operations of Defendant, CUSTOM COOKIES, INC. d/b/a CUSTOM COOKIES.

9.     At all relevant times, Defendant CUSTOM COOKIES, INC. d/b/a CUSTOM COOKIES was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including bakers, cake

3

decorators, dough makers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.   At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.   The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.   Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including bakers, cake decorators, dough makers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.   All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

4

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.    Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium and (iii) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)  Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

      b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

      c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

      d)  Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

      e)  Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

      f)  Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

      g)  Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

      h)  Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

## STATEMENT OF FACTS

22.    Plaintiff, ANGELICA GUAMAN YUPANGUI:

(a)    On or about June 27, 2009, Plaintiff ANGELICA GUAMAN YUPANGUI was hired by Defendants to work for their "Custom Cookies" bakery business as a dough maker. She was employed by Defendants until or about September 2014.

(b)    While working for Defendants as a dough maker, Plaintiff ANGELINA GUAMAN YUPANGUI regularly worked eleven (11) hours per day for five (5) days per week, and worked twelve (12) hours a day for one (1) day a week on Fridays, for a total of sixty-seven (67) hours per week. Plaintiff YUPANGUI worked as follows: from 6a.m. to 7p.m. for five (5) days a week. On Fridays, Plaintiff YUPANGUI worked from 4a.m. until 4p.m.

(c)    From the beginning of her employment through December 2010, Plaintiff ANGELINA GUAMAN YUPANGUI was paid a straight time hourly rate of $9.00 per hour for all hours worked, including hours worked above forty (40) hours per week. From the beginning of her employment through December 2010, Plaintiff YUPANGUI was paid entirely in cash.

(d)    From January 2011 until the end of Plaintiff ANGELINA GUAMAN YUPANGUI's employment, Plaintiff YUPANGUI was paid a straight time hourly rate of $10.50 per hour for all hours worked, including hours worked above forty (40) hours per week. From January 2011 until the end of Plaintiff YUPANGUI's employment, Plaintiff YUPANGUI was paid the first four hundred ($400.00) dollars of her hours worked by check, and the remaining balance of her pay by cash.

23.    Plaintiff, ERICA USHER-SAVAGE:

8

(a)     In or around 2003, Plaintiff ERICA USHER-SAVAGE was hired by Defendants to work for Defendant's "Custom Cookies" bakery business. She was employed by Defendants until on or about April 1, 2015.

(b)     While working for Defendants as a cookie decorator, Plaintiff ERICA USHER-SAVAGE's regular schedule was as follows: from January 2009 until December 2012, Plaintiff USHER-SAVAGE worked a total of sixty-six (66) hours a week, by working eleven (11) hours a day for six (6) days a week, from 7a.m. until 6p.m. From December 2012 until the end of Plaintiff USHER-SAVAGE's employment, ERICA USHER-SAVAGE worked a total of fifty-five (55) hours a week, by working eleven (11) hours a day for five (5) days a week, from 7a.m. until 6p.m.

(c)     During Defendants' employment of Plaintiff ERICA USHER-SAVAGE, from January 2009 until November 2012, Plaintiff USHER-SAVAGE was paid a straight time hourly rate of $11.00 per hour for all hours worked, including hours worked above forty (40) hours per week. Plaintiff USHER-SAVAGE was paid the first three hundred and twenty ($320.00) dollars of her hours worked by check, and the remaining balance of her pay by cash.

(d)     During Defendant's employment of Plaintiff ERICA USHER-SAVAGE, from November 2012 until the end of Plaintiff USHER-SAVAGE's employment at Defendant's "Custom Cookies" bakery business, Plaintiff USHER-SAVAGE was paid a straight time hourly rate of $12.00 per hour for all hours worked, including hours worked above forty (40) hours per week. Plaintiff USHER-SAVAGE was paid the first three hundred and twenty ($320.00) dollars of her hours worked by check, and the remaining balance of her pay by cash.

24. Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

25. Plaintiffs, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

26. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

27. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage notices or proper wage statements as required by NYLL. In fact, Defendants initially paid Class members, including Plaintiffs, in cash and did not provide them with a wage statement or any other type of receipt with their payment of wages. Defendants then paid Class members, including Plaintiffs, part by check and part by cash and did not provide them with a proper wage statement or any other type of receipt with their payment of wages.

28. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF

## PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

29. Plaintiffs reallege and reaver Paragraphs 1 through 28 of this class and collective action Complaint as fully set forth herein.

30. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

32. At all relevant times, Defendant, CUSTOM COOKIES, INC. d/b/a CUSTOM COOKIES had gross annual revenues in excess of $500,000.00.

33. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

34. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the

FLSA.

37.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

38.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS**

39.    Plaintiffs reallege and reaver Paragraphs 1 through 38 of this class and collective action Complaint as fully set forth herein.

40.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

42.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

43.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

44.    Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

45. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

46. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid spread of hours premium due under the New York Labor Law;

e.    An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f.        An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g.        An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to the New York Labor Law;

h.        An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.        Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j.        Designation of this action as a class action pursuant to F.R.C.P. 23;

k.        Designation of Plaintiffs as Representatives of Class; and

l.        Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: December 15, 2015

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____
C.K. Lee, Esq. (CL 4086)

14